IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>   Petitioner,<br><br>   vs.<br><br>MAESE, et al.,<br><br>   Respondents. | 1:09-cv-01915-OWW-SMS-PC<br><br>ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND DIRECTING CLERK'S OFFICE TO CLOSE FILE<br><br>(Doc. 1) |

Myron A. Payne ("Payne"), a state prisoner proceeding pro se, filed a petition for writ of mandate, or mandamus, on October 26, 2009.[1]  Pursuant to 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal citations and quotations omitted).

In his petition, Payne seeks an order by the District Court compelling the Kings County Superior Court to hear his case on the merits in small claims court.  Payne explains that between December 2008

---

[1] A writ of mandate is also termed a writ of mandamus.  Black's Law Dictionary 980 (8th ed. 2004).

and March 2009, he submitted a case three times to the small claims division of the Kings County Superior Court, and each time it was returned to him by the court clerk requesting additional information. In April 2009, Payne filed a petition for writ of mandate at the 5th District Court of Appeals to compel the Superior Court to hear his case, and the petition was denied. Payne now brings the matter to the District Court for resolution.

The district court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v. United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). To the extent that Payne attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petition is frivolous as a matter of law. Demos, 925 F.2d at 1161.

Accordingly, Payne's petition is denied and the Clerk of Court is directed to close this file. All other pending motions are denied.

IT IS SO ORDERED.

**Dated:   December 3, 2009**              /s/ Oliver W. Wanger
                                                                  UNITED STATES DISTRICT JUDGE